IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 15, 2004

## STATE OF TENNESSEE  v.  JAMES ALLEN MICHAELS

**Direct Appeal from the Criminal Court for Knox County**
**Nos. 73665, 76423      Ray L. Jenkins, Judge**

_____

**No. E2003-02336-CCA-R3-CD - July 27, 2004**

_____

Defendant, James Allen Michaels, pled guilty to two counts of robbery, both Class C felonies. Defendant was originally indicted on charges of aggravated robbery. For his convictions, Defendant was sentenced as a Range II offender to eight years and three years as a Range I standard offender, to be served consecutively. The length of the sentences imposed was agreed upon in the negotiated plea agreement. Defendant appeals the trial court's denial of probation. After reviewing the record on appeal, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Mark E. Stephens, District Public Defender; Robert C. Edwards, Assistant Public Defender, for the appellant, James Allen Michaels.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Randall E. Nichols, District Attorney General; Jo Helm, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

The presentence report indicates that on January 15, 2001, Defendant entered the Super 8 Motel on Papermill Road in Knoxville, Tennessee, armed with a 9 millimeter handgun and demanded money from the desk clerk. Defendant also demanded that the clerk relinquish his wallet and watch. The clerk gave Defendant his watch and approximately $250 in cash. Regarding that incident, Defendant stated that he was "living on the street . . . kicked out of [his] mother's house." He also stated that the robbery was David Lockhart's "plan," and Defendant did his "dirty work" for him. He stated that Mr. Lockhart gave Defendant a gun and told him what to do, and Defendant "followed along and did it."

Furthermore, the presentence report indicates that on September 13, 2002, Defendant entered another victim's vehicle and attempted to take the victim's purse. Defendant and the victim struggled, and another man entered the vehicle from the passenger side and took the victim's purse. Defendant took a cigarette case from the victim. Defendant and the other man then fled on foot. Defendant was later located, and property from the victim's purse was recovered from Defendant. Regarding that incident, Defendant stated that he was "kicked out and living on the street" and that he "needed money." He stated that he "got drunk and high" and met a "guy [he] think[s] was named Mike." The two men were walking to the store and saw a "nice S.U.V. and decide to break in it not knowing if anyone's in it." Inside the vehicle, a woman screamed and the man Defendant called "Mike" then grabbed her purse. Defendant took a cigarette case that contained approximately 75 cents. The presentence report also indicates that Defendant was identified by the Knoxville Police Department as a member of the "Trigger Happy Punks" gang.

A sentencing hearing was conducted on September 11, 2003, to determine whether Defendant's sentences should be suspended and Defendant placed on probation. Defendant, 22 years old at the time of the hearing, testified that he accepted responsibility for the offenses. Defendant testified, however, that the robbery of the motel was Mr. Lockhart's idea. Defendant admitted that he had been convicted of several misdemeanor offenses and that he was previously granted probation, and it was revoked. Defendant testified that he grew up in an alcoholic home and that his parents did not closely supervise him while he was a teenager. Defendant testified that "there's no such thing" as the "Trigger Happy Punks" gang, and he denied any involvement in gang activity. Defendant explained that the presentence report indicates otherwise because he had been riding in a vehicle with some people who were affiliated with a gang, and the vehicle was pulled over. Defendant testified that if the trial court placed him on probation, he would reside at the Salvation Army in the Boot Strap program. Defendant also testified that if granted probation, he would willingly pay court costs and restitution and submit to drug testing and counseling. He testified that his mother and grandmother, who is disabled, could support him while he was on probation.

At the conclusion of the sentencing hearing, the trial court stated that it had considered the testimony, the presentence report, Defendant's behavioral record, employment history, social history, present condition, both physical and mental, the interest to the public and to Defendant, and the need for deterrence. The trial court emphasized Defendant's prior criminal history, his use of a deadly weapon in one of the offenses, his failure to make any restitution, and his arrest on other charges since his guilty plea in this case. The trial court stated, "[t]his man is a menace on the streets. I think he's probably beyond redemption." The trial court denied probation and ordered that Defendant's sentences be served in confinement.

This Court reviews the sentence imposed by the trial court *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997). The burden is upon the appealing party to

show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

While determining or reviewing a sentence, the courts must consider: (1) the evidence received at trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence offered by the parties on the enhancement and mitigating factors; (6) any statement the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5), -210(b); *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a). A defendant with a total effective sentence in excess of eight years is eligible for probation if the individual sentences imposed for the convictions fall within the probation eligibility requirements. *State v. Langston*, 708 S.W.2d 830, 832-33 (Tenn. 1986). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the defendant and the public. *State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Boyd*, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. *State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also Ashby*, 823 S.W.2d at 169. Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

Defendant argues that he was entitled to the statutory presumption that he is a favorable candidate for alternative sentencing. Tennessee Code Annotated section 40-35-102(6) provides that "[a] defendant who . . . is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." The judgment of conviction forms indicate that Defendant pled guilty to one Class C felony as a Range II multiple offender, and he pled guilty to another Class C felony as a Range I standard offender. Therefore, Defendant is not entitled to the presumption for his eight-year sentence. For the additional reasons stated below, we conclude that the trial court's denial of probation in Defendant's three-year sentence was also appropriate.

The presentence report shows that Defendant has a lengthy record of misdemeanor convictions and a juvenile record. Furthermore, Defendant was granted probation for a prior offense, and probation was revoked. Defendant argues that the trial court erred by not considering all of the statutory sentencing principles. The trial court's findings, however, establish that it considered the sentencing principles and concluded that confinement was necessary to protect the public from a defendant with a long history of criminal conduct. Furthermore, those findings are supported by the record. We conclude that the trial court properly denied probation and ordered a sentence of confinement.

## CONCLUSION

The judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE